UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL CASUALTY COMPANY,

    Plaintiff,

Case No.

District Judge:
Magistrate Judge:

vs.

CAROLINA CASUALTY INSURANCE COMPANY,
PRAETORIAN INSURANCE COMPANY and
KENNETH JOHN SNYDER,

    Defendants.

---

THOMAS L. AUTH, JR. (P29167)
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiff
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-8412
(248) 746-0700/Fax: (248) 746-2760

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES Plaintiff, **NATIONAL CASUALTY COMPANY**, by and through its attorneys, Sullivan, Ward, Asher & Patton, P.C., and for its Complaint for Declaratory Judgment and Other Relief against Defendants Carolina Casualty Insurance Company, Praetorian Insurance Company and Kenneth John Snyder, states as follows:

    1.    That National Casualty Company is an insurance company incorporated under the laws of the State of Wisconsin, with its principal place of business located in the State of Arizona.

2. That Defendant Carolina Casualty Insurance Company is an insurance company incorporated under the laws of the State of Iowa with its principal place of business located in the State of Florida.

3. That Defendant Praetorian Insurance Company is an insurance company incorporated under the laws of the State of Illinois with its principal place of business located in the State of New York.

4. That Defendant Kenneth John Snyder was at all times mentioned herein a citizen of the State of Michigan, residing in the Village of Morenci, County of Lenawee.

5. That this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because of the diversity of jurisdiction of the parties.

6. That the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is otherwise within the jurisdiction of this court.

7. That this action is brought pursuant to 28 U.S.C. § 2201 since there exists a case of actual controversy between the parties and Plaintiff seeks a declaration of the rights and other legal relations to the parties to this action, including the rights and obligations of the parties pursuant to the Michigan no-fault law, MCLA 500.3101 *et seq.*

8. That on or about March 16, 2009, Defendant Kenneth John Snyder was the operator of a 1998 Peterbilt tractor registered in Ohio and bearing Ohio license plate of PVG 8775 which was attached to a 1993 Transcraft trailer bearing Ohio license plate TNX 4573 when the tractor/trailer went off the road on Seneca Highway near West Yankee Road in the Village of Morenci, County of Lennox, State of Michigan.

9. That as a result of the aforementioned accident, Defendant Snyder has received significant and extensive medical treatment for his alleged injuries and is currently receiving

treatment, and is expected to continue treatment in the future and is expected to be evaluated for potential surgery for decompression of the surgical spine and fusion, has not worked since the date of the accident and has sought Michigan no-fault benefits from Plaintiff National Casualty Company, including for medical bills and wage loss, and is expected to continue to seek those benefits.

10. That National Casualty Company had issued a policy of insurance to Northern Steel Transport, an Ohio corporation, which was in effect on the day of the alleged incident. The policy of insurance issued by Plaintiff National Casualty Company to Northern Steel Transport Steel Transport did not include any coverage for Michigan no-fault benefits, and it is not otherwise obligated to provide no-fault benefits to Mr. Snyder under the Michigan no-fault statutes. A certified copy of the policy is attached as **Exhibit A.**

11. That Defendant Kenneth John Snyder applied for Michigan no-fault benefits to National Casualty Company, and certain benefits were paid erroneously by Plaintiff National Casualty Company.

12. That at the time of the aforementioned accident, Defendant Kenneth John Snyder was in the course of what is known in the trucking business as a "trip lease" and was in the course of completion of the lease which had been entered into with O & I Transport, Inc. Pursuant to the rules of the Federal Motor Carrier Safety Administration, O & I Transport, Inc. was a motor carrier which had the exclusive possession, control and use of the tractor and trailer and had complete responsibility for its operation under 49 C.F.R. § 376.12.

13. That Defendant Carolina Casualty Insurance Company had issued a policy of insurance to O & I Transport, Inc., which was in effect at the time of the aforementioned

accident. Upon information and belief, the policy issued by Defendant Carolina Casualty Insurance Company to O & I Transport, Inc. included coverage for Michigan no-fault benefits.

14. That at the time of the aforementioned accident, Defendant Praetorian Insurance Company had issued a so-called "bobtail" or "non-trucking" insurance policy covering Defendant Kenneth John Snyder which, upon information and belief, covered Defendant Snyder for Michigan no-fault benefits.

15. That Defendant Kenneth John Snyder was the owner or registrant of either the tractor or trailer involved in the aforementioned accident.

16. That if at the time of the aforementioned accident Defendant Kenneth John Snyder did not have insurance or other security as required by MCLA 500.3101 or MCLA 500.3103 in effect at the time of the accident, then pursuant to MCLA 500.3113, he is not entitled to be paid Michigan no-fault benefits.

17. That Plaintiff National Casualty Company has paid Michigan no-fault benefits to Defendant Snyder for the aforementioned accident, which it was not under an obligation to pay and which was paid erroneously.

18. That in the event that it is found that Defendant Kenneth John Snyder is entitled to Michigan no-fault benefits, then either Carolina Casualty Insurance Company or Praetorian Insurance Company, or both, are responsible for the payment of Michigan no-fault benefits to Defendant Snyder arising out of the aforementioned accident. Plaintiff National Casualty Company is then entitled to reimbursement, recoupment or equitable subrogation from Praetorian Insurance Company or Carolina Casualty Insurance Company, or both, for the monies paid by Plaintiff National Casualty Company to Defendant Kenneth John Snyder.

WHEREFORE, Plaintiff, National Casualty Company, prays this Honorable Court for a declaratory judgment in its favor and against Defendant Praetorian Insurance Company, Carolina Casualty Insurance Company and Kenneth John Snyder to declare:

a. That National Casualty Company is not obligated to pay Michigan no-fault benefits to Kenneth John Snyder for the accident in question;

b. That Defendant Kenneth John Snyder is not entitled to Michigan no-fault benefits because he was an owner or registrant of a motor vehicle involved in an accident for which the security required under the Michigan No-Fault Act was not in effect;

c. That if Defendant Kenneth John Snyder is entitled to Michigan no-fault benefits, then same are the obligation of Praetorian Insurance Company or Carolina Casualty Insurance Company, or both, or are the obligation of another insurance company;

d. That Plaintiff National Casualty Company is entitled to reimbursement, recoupment or equitable subrogation against Praetorian Insurance Company or Carolina Casualty Insurance Company, or both, for the monies it paid to Defendant Kenneth John Snyder in Michigan no-fault benefits, together with an administrative fee and its attorney fees, costs and interest as allowed by law, and to enter a judgment for damages appropriately.

s/ Thomas L. Auth, Jr.
Sullivan, Ward, Asher & Patton, P.C.
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-8412
(248) 746-0700
tauth@swappc.com
(P-29167)

Dated: November 2, 2009

W0803855